ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2007 APR 17 P 4 13

CLERK C. Adams
SO. DIST. OF GA.

| | |
|---|---|
| AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HARRISON T. STORY, JR., Individually and as Executor of the Estate of Catherine D. Story, RAMONA K. STORY JOHNSON, VICTORIA LEE S. OWENS, H.T. STORY, III, and JACQUELINE S. STICKLE,<br><br>Defendants. | CV 106-129 |

## O R D E R

Plaintiff brought this true interpleader action pursuant to 28 U.S.C. §§ 1335 & 2361 and Federal Rule of Civil Procedure 22, asking the Court to resolve Defendants' competing claims to the proceeds of a life insurance policy. Before the Court is Plaintiff's "Motion for Discharge" (doc. no. 15) and Defendant Harrison T. Story, Jr.'s motion for summary judgment (doc. no. 13). Both motions are unopposed. See Loc. R. 7.5. For the reasons outlined below, the Court **GRANTS** both motions.

### I. BACKGROUND

On May 9, 2005, Catherine D. Story ("Catherine") drowned to death after her car was driven into a pond. (See Pl.'s Ex. A.) At the time of Catherine's death, she was insured under

a $20,000.00 life insurance policy issued by Plaintiff. (Pet. for Interpleader ¶ 10.) Her widower, Defendant Harrison T. Story, Jr. ("Harrison"), is the primary beneficiary under the policy; Harrison is also the sole beneficiary under Catherine's will and the executor of her estate. (See Pet. ¶ 11; Mot. for Summ. J. Ex. A.) Defendants H.T. Story, III ("H.T."), Jacqueline S. Stickle ("Jacqueline"), Victoria Lee S. Owens ("Victoria"), and Ramona K. Story Johnson ("Ramona") are Catherine's surviving adult children and contingent beneficiaries under her will. (See Mot. for Summ. J. Exs. A & B.)

The Georgia Bureau of Investigation ("GBI") has investigated Catherine's death, interviewed Harrison as a witness, and submitted a report to the Office of the District Attorney for the Middle Judicial Circuit of Georgia. (See Kicklighter Decl.; Mot for Summ. J. Exs. D & E.) The District Attorney's Office has concluded that "there is insufficient evidence that a crime occurred" and closed its file on Catherine's death. (Mot. for Summ. J. Ex. D.) The GBI has also closed its file. (Kicklighter Decl. ¶ 3.)

On September 4, 2006, Catherine's will was probated in the Probate Court of Jefferson County, Georgia, with Defendants' "assent." (See Mot. for Summ. J. at 1; Mot. for Summ J. Exs. B & C.) However, Ramona initially refused to consent to Plaintiff's disbursement of the insurance proceeds

2

to Harrison. (See Loomis Decl.) Consequently, Plaintiff brought the captioned interpleader action and deposited $21.657.82 (the amount of the disputed funds plus applicable interest) into the Court's registry. Thereafter, all of Defendants, including Ramona, consented to the distribution of the policy proceeds to Harrison. (See doc. nos. 12 & 20; see also Proposed Final Discharge & Distribution Order at 6-8.)

## II. REQUIREMENTS FOR SUMMARY JUDGMENT

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-movant, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [their] favor," United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The movant has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at

3

trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). If the *movant* bears the burden of proof at trial, that party "must show that, on all the essential elements of its case, . . . no reasonable jury could find for the non-moving party." Four Parcels, 941 F.2d at 1438. On the other hand, if the *non-movant* has the burden of proof at trial, the movant may carry the initial burden in one of two ways--by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (*per curiam*). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If--and only if--the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. Again, how to carry

4

this burden depends on who bears the burden of proof at trial. If the *movant* has the burden of proof at trial, the non-movant may avoid summary judgment only by coming forward with evidence from which a reasonable jury could find in its favor. Anderson, 477 U.S. at 249. If the *non-movant* bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carries its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1116-17. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond by affidavits or as otherwise provided by Fed. R. Civ. P. 56.

Of note, the Clerk did not give all of Defendants notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in

opposition, or the consequences of default, because not all of Defendants had appeared in the case at the time the motion for summary judgment was filed. (See doc. no. 14.) Nevertheless, as explained *supra*, all of the parties have since given their consent to the entry of judgment in Harrison's favor. Accordingly, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), have been satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration.

### III. ANALYSIS & CONCLUSION

First, the Court addresses Plaintiff's motion for discharge. Plaintiff requests: (1) that it be dismissed from this action with prejudice; (2) that Defendants be enjoined from bringing or maintaining further action against Plaintiff; and (3) that Plaintiff be awarded its costs and attorney's fees incurred in bringing this interpleader action. "The law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and opportunity to be heard." Kurland v. United States, 919 F. Supp. 419, 421 (M.D. Fla. 1996) (citation omitted).

Accordingly, a "court[] may enter an order relieving the

6

interpleader plaintiff of further responsibility and enjoin the interpleaded defendants from bringing further action against that plaintiff with regard to the disputed funds." Id. Furthermore, "[i]t is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the court's discretion, awarded attorneys' fees and costs." Id.

Upon due consideration, Plaintiff's motion is **GRANTED**, Plaintiff is **DISMISSED** from this case with prejudice, and Defendants are **HEREBY ENJOINED** from instituting or maintaining any action in any court against Plaintiff with regard to the interpleaded funds. Likewise, Plaintiff should be awarded costs and attorney's fees. As mentioned above, "[i]n an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986) (citing Perkins State Bank v. Connolly, 632 F.2d 1306, 1311 (5th Cir. 1980)). "The usual practice is to tax the costs and fees against the interpleader fund." Id. (citing Prudential-Bache Sec., Inc. v. Tranakos, 593 F. Supp. 783, 785 (N.D. Ga. 1984)). The Court sees no reason to deviate from the general rule in this case, especially given that Defendants have filed no opposition to Plaintiff's

7

request for costs and fees.

That said, because Plaintiff has not submitted a request for its attorney's fees and costs in instituting this interpleader action, the Court is not yet in a position to determine the amount Plaintiff should be awarded. Therefore, **IT IS ORDERED** that Plaintiff **SHALL SUBMIT**, within ten (10) days of the date of this Order, a request for its expenses incurred in this action. Defendants shall submit objections, if any, to Plaintiff's fees and costs within ten (10) days after the request is submitted.

Finally, upon careful consideration of the pertinent evidence, Harrison's unopposed motion for summary judgment is also **GRANTED**. Upon receipt of Plaintiff's request for costs and attorney's fees, the Court will direct the Clerk of Court to tax an appropriate amount of expenses from the interpleader fund in the Court's registry. Thereafter, the remaining interpleaded funds will be disbursed to Harrison, and an appropriate final judgment will be entered.

**ORDER ENTERED** at Augusta, Georgia, this 17 day of April, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE